UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM J. GRAHAM and DIANNA GRAHAM, | |
| Plaintiffs, | |
| v. | CAUSE NO. 3:23-CV-345 DRL-MGG |
| ELKHART GENERAL HOSPITAL *et al.*, | |
| Defendants. | |

## ORDER

Dianna Graham,[1] proceeding *pro se*, sues Elkhart General Hospital and a host of other defendants for the death of her husband. She moves to proceed *in forma pauperis* [ECF 2]. The court construes Ms. Graham's *pro se* pleading liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, though *pro se* litigants are not held to the same standards as attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not exempt from the rules of civil procedure, *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

The court has an independent obligation to insure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Federal district courts have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $ 75,000, *see* 28 U.S.C. § 1332. Federal Rule of Civil Procedure 8 "requires a short and plain statement of the jurisdictional basis, which, however must be alleged affirmatively and distinctly and cannot be established argumentatively

---

[1] Though the complaint also lists "Willie Joe Graham, Sr." as a plaintiff, Mr. Graham's passing is the subject matter of the complaint. Based on that fact, this appears to be a claim for wrongful death brought by Ms. Graham based on Mr. Graham's death.

or by mere inference." *McCready v. eBay, Inc.*, 453 F.3d 882, 890-91 (7th Cir. 2006) (quotations and citation omitted).

The court doesn't have diversity jurisdiction over this case because Ms. Graham and all the defendants appear to be domiciled in Indiana. *See* 28 U.S.C. § 1332. Federal jurisdiction is proper only if Ms. Graham's complaint arises under federal law. Ms. Graham cites one federal statute, 18 U.S.C. § 249(a)(5), a criminal code proscribing discrimination-based lynching. "[F]ederal criminal statutes . . . do not provide a private right of action." *McGee v. Nissan Motor Acceptance Corp.*, 619 F. Appx. 555, 555 (7th Cir. 2015). A generous review of the pleaded facts doesn't reveal another basis for federal jurisdiction.

Ms. Graham alleges that five white[2] emergency medical technicians (EMT's) took her husband from their home to "CCU" without their permission [ECF 1 at 2]. She claims that he was experimented on for eight hours, given fentanyl, allowed to convulse with seizures, and had bone marrow drawn without permission [*id.*]. She alleges that her husband passed away from these actions [*id.*]. Further, she claims several medical records were falsified to cover up the cause of death [*id.*]. These facts may sound in state law, but they don't sound in any federal law.

This is now the third time that this court has dismissed Ms. Graham's complaint for a lack of subject matter jurisdiction based on similar facts. *See Graham v. Elkhart General Hospital*, Case No. 3:22-cv-946, ECF 3; *Graham v. Elkhart General Hospital*, 2:22-cv-305, ECF 3. The court advised her twice before that she may refile her claims in state court and advises her so again today.

Without a basis for federal jurisdiction, the court must dismiss the case. Accordingly, the court DISMISSES without prejudice Ms. Graham's complaint and DENIES AS MOOT her motion for leave to proceed *in forma pauperis* [ECF 2].

---

[2] The only reference to race in the complaint is that the EMT's were white [ECF 1 at 2]. Ms. Graham does not allege that any actions were motivated by race or how that could plausibly form the basis of a federal complaint.

SO ORDERED.

May 22, 2023                                         *s/ Damon R. Leichty*
                                                     Judge, United States District Court